1

2

3                  UNITED STATES DISTRICT COURT

4                        DISTRICT OF NEVADA

5                               * * *

6    SAMUEL HOWARD,                              Case No. 2:19-cv-00247-MMD

7                            Petitioner,                 ORDER

8            v.

9    WILLIAM GITTERE, *et al.*,

10                         Respondents.

11

12        Pending before the Court in this recently-filed capital habeas proceeding is

13   Petitioner's "motion to stay federal habeas proceedings" ("Motion"). (ECF No. 2.) This

14   proceeding is unique in that Petitioner currently has another habeas proceeding pending

15   in this Court challenging the same judgment of conviction. (Case No. 2:93-cv-1209-LRH-

16   VCF.) In the Motion, Petitioner asks the Court to stay proceedings in this case until his

17   "ongoing state post-conviction action is concluded."[1] (ECF No. 2 at 1.)

18        The petition in this case advances a single claim—that Petitioner's death penalty

19   "no longer has any legal basis" because both aggravating circumstances supporting his

20   death sentence have been invalidated. (ECF No. 1 at 5–6.) The relatively-recent factual

21   development giving rise to this claim is that a New York robbery conviction that served as

22   the prior-violent-felony aggravating circumstance for Petitioner's death sentence was

23   vacated, on May 22, 2018, by the New York court in which it originated.[2] Petitioner's other

24

25        [1]In light of an intervening decision by the Ninth Circuit, Petitioner has withdrawn
     his alternative request that this Court stay proceedings until the Ninth Circuit determines
26   "whether authorization to pursue the matter is necessary and—if so—whether it should
     be granted." (ECF No. 2 at 1; ECF No. 6 at 7–8.)

27        [2]Petitioner contends the only other aggravating circumstance—that the murder
     was committed while robbing the victim—was nullified by the Nevada Supreme Court in
28   post-conviction proceedings. (*Id.* (citing *Howard v. State*, No. 57469, 2014 WL 3784121,
     at *6 (Nev. July 30, 2014) (per curiam).)

1  case in this Court is on limited remand from the Court of Appeals for this Court to

2  adjudicate numerous ineffective assistance of counsel claims under *Martinez v. Ryan*,

3  566 U.S.1 (2012). (Case No. 2:93-cv-1209-LRH-VCF (ECF No. 311).)

4      On September 4, 2018, Petitioner filed a petition for post-conviction relief in state

5  court challenging his death sentence on the basis that there are now no valid aggravators

6  because the final one has been nullified. (ECF No. 2-1.) Petitioner contends that a stay

7  of this case is warranted under *Rhines v. Weber*, 544 U.S. 269 (2005), and *Pace v.*

8  *DiGuglielmo*, 544 U.S. 408, 414 (2005), until that state proceeding has concluded,

9  thereby exhausting the lone claim in his federal petition. In response, Respondents

10  indicate they would not oppose the request under normal circumstances but must do so

11  here "because the petition itself is not procedurally proper." (ECF No. 5 at 3.)

12      Respondents argue that, while the petition in this case may not be a second or

13  successive petition subject to the restrictions of 28 U.S.C. § 2244(b), Petitioner has

14  nonetheless failed to demonstrate that he is permitted to file a second petition while a

15  petition challenging the same state conviction and the same aggravating circumstances

16  remains pending. According to Respondents, Petitioner should be required to amend his

17  pending petition in Case No. 2:93-cv-1209-LRH-VCF rather than be permitted to file this

18  new proceeding.

19      The Court disagrees. Respondents are correct that Petitioner has not provided the

20  Court with controlling precedent authorizing him to file a new habeas petition while his

21  other petition is pending. Respondents have not, however, provided persuasive argument

22  or authority that such a proceeding is prohibited. In a case from the Tenth Circuit, cited

23  by Petitioner, the Court of Appeals affirmed the district court's decision to grant habeas

24  relief on a newly-raised claim even though the denial of petitioner's initial petition

25  remained pending on appeal. *See Douglas v. Workman*, 560 F.3d 1156 (10th Cir. 2009).

26      Among the considerations cited by the Tenth Circuit was that the adjudication of

27  the new claim was not inconsistent with the Antiterrorism and Effective Death Penalty Act

28  (AEDPA), which was enacted "to reduce delays in the execution of state and federal

sentences, promote judicial efficiency, and conserve judicial resources." *Id.* at 1195. Here, Petitioner points out that his original case was filed 25 years ago. Requiring Petitioner to amend the petition in that case would likely result in significant additional delay and arguably exceeds the scope of the Ninth Circuit's limited remand.

The amended claim would necessitate a stay of the original proceeding while the claim is exhausted. *See Rhines*, 544 U.S. at 273–74 (discussing *Rose v. Lundy*, 455 U.S. 509 (1982)). Petitioner's state post-conviction proceeding on the new claim has already run into an obstacle as the state district court has stayed the proceeding pending the outcome of a separate appeal Petitioner has pending in the Nevada Supreme Court. (ECF No. 6 at 6.) Rather than further delay the adjudication of the original proceeding, the more prudent course is for this Court to adjudicate Petitioner's new petition separately.

In summary, the Court concludes that it is not prohibited from adjudicating Petitioner's new claim in a separate proceeding and that allowing this case to proceed serves the interests of fairness and judicial efficiency. Because the lone claim in the petition is unexhausted and Petitioner has satisfied the requirements for a stay under *Rhines*, the motion to stay these proceedings will be granted. *See Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016) (holding that a district court has the discretion to stay and hold in abeyance fully unexhausted petitions).

It is therefore ordered that Petitioner's "motion to stay federal habeas proceedings" (ECF No. 2) is granted. This action is stayed while Petitioner exhausts, in state court, his unexhausted claim for habeas corpus relief.

It is further ordered that, on or before June 15, 2019, Petitioner must file and serve a status report, describing the status of his state-court proceedings. Thereafter, during the stay of this action, Petitioner must file such a status report every 6 months (on or before December 15, 2019; June 15, 2020; December 15, 2020; etc.). Respondents may, if necessary, file and serve a response to any such status report within 15 days after its service. If necessary, Petitioner may reply within 15 days of service of the response.

///

1    It is further ordered that, following the conclusion of state court proceedings,

2  Petitioner must, within 30 days, make a motion to lift the stay.

3    It is further ordered that this action will be subject to dismissal upon a motion by

4  Respondents if Petitioner does not comply with the time limits in this order, or if he

5  otherwise fails to proceed with diligence during the stay imposed pursuant to this order.

6    It is further ordered that Petitioner's "unopposed motion to expedite ruling on stay"

7  (ECF No. 7) is denied as moot.

8    DATED THIS 25th day of March 2019.

9

10                                          MIRANDA M. DU
                                            UNITED STATES DISTRICT JUDGE
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28